N THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ABRAM FRANCIS GRIFFIN;<br>CHARLOTTE MARY BURDICK,<br>a/k/a CHARLOTTE MARY<br>CHARBONEAU;<br>RUSSELL BURDICK;<br>KENNETH CHARBONEAU,<br>a/k/a KENNY;<br>AVA ROBERTSON;<br>GALEN GERRY ROBERTSON,<br>a/k/a GALEN GREYWATER;<br>WILLIAM CAVANAUGH JR.,<br>a/k/a HUCK;<br>ALISSA BAKER;<br>AUSTIN HERMAN;<br>THALIA ISELA CHAVELAS;<br>BERNARD CLARK RAINBOW JR.,<br>a/k/a CLARK RAINZ; and<br>JILL ELIZABETH MURPHY | **I N D I C T M E N T**<br><br>Case No. _____<br><br>Violations:  21 U.S.C. §§ 841(a)(1),<br>841(b)(1)(A)(viii), 841(b)(1)(C), 846,<br>856(a)(1), and 856(b); 18 U.S.C. §§<br>1956(h) and 2 |

COUNT ONE

**Conspiracy to Possess with Intent to Distribute and
Distribute Controlled Substances**

The Grand Jury Charges:

From in or about 2021 to the date of this Indictment, in the Districts of North

Dakota, and elsewhere,

ABRAM FRANCIS GRIFFIN;
CHARLOTTE MARY BURDICK, a/k/a CHARLOTTE MARY CHARBONEAU;
RUSSELL BURDICK;
KENNETH CHARBONEAU, a/k/a KENNY;
AVA ROBERTSON;
GALEN GERRY ROBERTSON, a/k/a GALEN GREYWATER;

WILLIAM CAVANAUGH JR., a/k/a HUCK;
ALISSA BAKER;
AUSTIN HERMAN;
THALIA ISELA CHAVELAS;
BERNARD CLARK RAINBOW JR,. a/k/a CLARK RAINZ;
and JILL ELIZABETH MURPHY

did knowingly and intentionally combine, conspire, confederate, and agree together and with others, both known and unknown to the grand jury, to possess with intent to distribute and distribute controlled substances, including: (i) a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and (ii) a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## DRUG QUANTITY

With respect to ABRAM FRANCIS GRIFFIN; CHARLOTTE MARY BURDICK, a/k/a CHARLOTTE MARY CHARBONEAU; and RUSSELL BURDICK, the amount involved in the conspiracy attributable to each of these defendants as a result of each defendant's own conduct, and the conduct of other conspirators reasonably foreseeable to the defendants, is 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Section 841(b)(1)(A)(viii).

## OVERT ACTS

In furtherance of this conspiracy and to effect and accomplish the objects of it, one or more of the conspirators committed the following overt acts:

2

1.    It was a part of said conspiracy that one or more of the conspirators arranged the transfer of methamphetamine and fentanyl (a/k/a "N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide"), both Schedule II controlled substances, from outside the state of North Dakota into the state of North Dakota;

2.    It was further a part of said conspiracy that the defendants and others would and did distribute and possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, and a mixture and substance containing a detectable amount of fentanyl, both Schedule II controlled substances, on or near the Spirit Lake Indian Reservation in North Dakota, and elsewhere, including but not limited to:

(a) On or about September 7, 2023, CHARLOTTE MARY BURDICK, a/k/a CHARLOTTE MARY CHARBONEAU; WILLIAM CAVANAUGH JR., a/k/a HUCK; and JILL ELIZABETH MURPHY, individually, and by aiding and abetting, possessed with intent to distribute a controlled substance, namely, a mixture and substance containing a detectable amount of methamphetamine;

(b) On or about September 7, 2023, WILLIAM CAVANAUGH JR., a/k/a HUCK, and ALISSA BAKER, individually, and by aiding and abetting, possessed with intent to distribute a controlled substance, namely, approximately 30 pills containing a mixture and substance containing a detectable amount of fentanyl;

3.     It was further a part of said conspiracy that certain conspirators sought and located users of methamphetamine to purchase controlled substances from other conspirators;

4.     It was further a part of said conspiracy that certain conspirators sought and located sub-distributors of methamphetamine and fentanyl for other conspirators;

5.     It was further a part of said conspiracy that one or more conspirators received money wire transfers that were proceeds of methamphetamine and fentanyl sales;

6.     It was further a part of said conspiracy that one or more conspirators sent money wire transfers that were proceeds of methamphetamine and fentanyl sales;

7.     It was further a part of said conspiracy that one or more of the defendants traveled between the states of Nevada, North Dakota, and elsewhere, via bus, automobile (including rental vehicles), airplane, and other means of transportation for purposes of obtaining and distributing controlled substances, and collecting and distributing proceeds of drug distribution activity;

8.     It was further a part of said conspiracy that one or more conspirators rented and occupied apartments, trailer homes, houses, and hotel rooms in North Dakota, and elsewhere, from which to store, possess, and distribute methamphetamine and fentanyl;

9.     It was further a part of said conspiracy that conspirators utilized residences on the Spirit Lake Indian Reservation in North Dakota, and elsewhere, to store, conceal, and distribute controlled substances, and to store and conceal the proceeds of drug trafficking conduct, to include but not limited to:

4

(a) In or about 2021 through the date of this Indictment, CHARLOTTE MARY BURDICK, a/k/a CHARLOTTE MARY CHARBONEAU, and RUSSELL BURDICK, individually, and by aiding and abetting, knowingly opened, leased, rented, used, and maintained any place, whether permanently or temporarily, for the purpose of distributing and using any controlled substance; specifically, CHARLOTTE MARY BURDICK, a/k/a CHARLOTTE MARY CHARBONEAU, and RUSSELL BURDICK, opened, used, and maintained the residence of CHARLOTTE MARY BURDICK, a/k/a CHARLOTTE MARY CHARBONEAU, and RUSSELL BURDICK, on or near the Spirit Lake Indian Reservation in North Dakota, for purposes of distributing methamphetamine and opiate pills that were a mixture and substance containing fentanyl, both Schedule II controlled substances, and other controlled substances;

(b) In or about 2021 through the date of this Indictment, KENNETH CHARBONEAU, a/k/a KENNY, and AVA ROBERTSON, individually, and by aiding and abetting, knowingly opened, leased, rented, used, and maintained any place, whether permanently or temporarily, for the purpose of distributing and using any controlled substance; specifically, KENNETH CHARBONEAU, a/k/a KENNY, and AVA ROBERTSON, opened, used, and maintained the residence of KENNETH CHARBONEAU, a/k/a KENNY, and AVA ROBERTSON,

5

on or near the Spirit Lake Indian Reservation in North Dakota, for purposes of distributing methamphetamine and opiate pills that were a mixture and substance containing fentanyl, both Schedule II controlled substances, and other controlled substances;

10. It was further a part of said conspiracy that one or more conspirators collected money from other persons to purchase methamphetamine and fentanyl;

11. It was further a part of said conspiracy that one or more conspirators would and did attempt to conceal their activities;

12. It was further a part of said conspiracy that one or more conspirators would and did use United States currency in their drug transactions;

13. It was further a part of said conspiracy that one or more conspirators would and did use telecommunication facilities, including cellular telephones, to facilitate the distribution of methamphetamine and fentanyl;

14. It was further a part of said conspiracy that one or more conspirators would and did use social media websites, including but not limited to Facebook, to facilitate the distribution of methamphetamine and fentanyl;

In violation of Title 21, United States Code, Section 846 and Pinkerton v. United States, 328 U.S. 640 (1946).

## COUNT TWO

### Money Laundering Conspiracy

The Grand Jury Further Charges:

From in or about 2021 to the date of this Indictment, in the District of North Dakota, and elsewhere,

ABRAM FRANCIS GRIFFIN;
CHARLOTTE MARY BURDICK, a/k/a CHARLOTTE MARY CHARBONEAU;
and RUSSELL BURDICK

did knowingly combine, conspire, and agree with one or more persons, both known and unknown to the grand jury, to commit offenses against the United States, in violation of Title 18, United States Code, Section 1956(h), to wit: to knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce, which involved the proceeds of a specified unlawful activity, that is, knowingly and intentionally distributing controlled substances: (a) with intent to promote the carrying on of the specified unlawful activity; and (b) knowing that the transaction is designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i);

### MANNER AND MEANS

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

1.      CHARLOTTE MARY BURDICK, a/k/a CHARLOTTE MARY CHARBONEAU, and RUSSELL BURDICK, and co-conspirators, acquired

7

methamphetamine and fentanyl, both Schedule II controlled substances, outside of the District of North Dakota for distribution. The fentanyl was thereafter transported through, and distributed in, the District of North Dakota, and elsewhere, during the time frame of the conspiracy;

2.      Members of the controlled substance distribution conspiracy organization would sell fentanyl, and currency would be collected and transferred from one person to another to continue the ongoing illegal activity; and

3.      During the course of this conspiracy, persons both known and unknown to the grand jury, utilized money services, such as Western Union, Walmart-to-Walmart (RIA Financial), and CashApp money services, to wire and transfer proceeds of the illegal drug sales from North Dakota to outside of the District of North Dakota, with intent to disguise and conceal the nature, the location, the source, the ownership, and the control of the proceeds of the drug trafficking activity, and to promote and continue the distribution activity;

In violation of Title 18, United States Code, Section 1956(h).

## COUNT THREE

**Possession with Intent to Distribute a Controlled Substance**

The Grand Jury Further Charges:

On or about September 7, 2023, in the District of North Dakota,

CHARLOTTE MARY BURDICK, a/k/a CHARLOTTE MARY CHARBONEAU;
WILLIAM CAVANAUGH JR., a/k/a HUCK;
and JILL ELIZABETH MURPHY,

individually, and by aiding and abetting, knowingly and intentionally possessed with

intent to distribute a mixture and substance containing a detectable amount of

methamphetamine, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C),

and Title 18, United States Code, Section 2.

9

## COUNT FOUR

**Possession with Intent to Distribute a Controlled Substance**

The Grand Jury Further Charges:

On or about September 7, 2023, in the District of North Dakota,

WILLIAM CAVANAUGH JR., a/k/a HUCK,
and ALISSA BAKER,

individually, and by aiding and abetting, knowingly and intentionally possessed with intent to distribute approximately 30 pills of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

10

## COUNT FIVE

### Maintaining a Drug-Involved Premises

The Grand Jury Further Charges:

From in or about 2021 to the date of this Indictment, in the District of North Dakota, and elsewhere,

CHARLOTTE MARY BURDICK, a/k/a CHARLOTTE MARY CHARBONEAU, and RUSSELL BURDICK,

individually, and by aiding and abetting, knowingly opened, leased, rented, used, and maintained any place, whether permanently or temporarily, for the purpose of distributing and using any controlled substance; specifically, CHARLOTTE MARY CHARBONEAU, a/k/a CHARLOTTE MARY BURDICK, and RUSSELL BURDICK opened, used, and maintained the residence of CHARLOTTE MARY CHARBONEAU, a/k/a CHARLOTTE MARY BURDICK, and RUSSELL BURDICK on or near the Spirit Lake Indian Reservation in North Dakota, for purposes of distributing methamphetamine and opiate pills that were a mixture and substance containing fentanyl, both Schedule II controlled substances, and other controlled substances;

In violation of Title 21, United States Code, Sections 856(a)(1) and 856(b), and Title 18, United States Code, Section 2.

11

## COUNT SIX

### Maintaining a Drug-Involved Premises

The Grand Jury Further Charges:

From in or about 2021 to the date of this Indictment, in the District of North Dakota, and elsewhere,

KENNETH CHARBONEAU, a/k/a KENNY,
and AVA ROBERTSON,

individually, and by aiding and abetting, knowingly opened, leased, rented, used, and maintained any place, whether permanently or temporarily, for the purpose of distributing and using any controlled substance; specifically, KENNETH CHARBONEAU, a/k/a KENNY, and AVA ROBERTSON opened, used, and maintained the residence of KENNETH CHARBONEAU, a/k/a KENNY, and AVA ROBERTSON on or near the Spirit Lake Indian Reservation in North Dakota, for purposes of distributing methamphetamine and opiate pills that were a mixture and substance containing fentanyl, both Schedule II controlled substances, and other controlled substances;

In violation of Title 21, United States Code, Sections 856(a)(1) and 856(b), and Title 18, United States Code, Section 2.

A TRUE BILL:

/s/ Foreperson
Foreperson

/s/ Mac Schneider
MAC SCHNEIDER
United States Attorney

DMD/vt

12