**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| | ) | **ORDER ON ADMISSABILITY OF** |
| | ) | **CO-CONSPIRATOR STATEMENTS** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:23-cr-207 |
| | ) | |
| Galen Gerry Robertson, | ) | |
| | ) | |
| Defendant. | ) | |

Under Rule 801(d)(2)(E) of the Federal Rules of Evidence, a statement is not hearsay if made by "a co-conspirator of a party during the course and in furtherance of a conspiracy." United States v. Beckman, 222 F.3d 512, 522 (8th Cir. 2000). To admit such a statement, the Government must demonstrate by a preponderance of the evidence: (1) that a conspiracy existed; (2) that the defendant and the declarants were members of the conspiracy; and (3) that the declaration was made during the course of and in furtherance of the conspiracy. United States v. Bell, 573 F.2d 1040, 1043 (8th Cir. 1973); see also United States v. Guerra, 113 F.3d 809, 813 (8th Cir. 1997); United States v. Escobar, 50 F.3d 1414, 1423 (8th Cir. 1995). In determining whether a conspiracy existed, a court may consider the co-conspirator statement itself. See Bourjaily v. United States, 483 U.S. 171, 181 (1987).

As the Eighth Circuit Court of Appeals explained in Bell, a trial court may conditionally admit the hearsay statements of alleged co-conspirators, subject to a final ruling on the record that the statements are admissible pursuant to the co-conspirator exception to the hearsay rule. Fed. R. Evid. 801(d)(2)(E). The procedures outlined in Bell are flexible and do not require reversal for

failure to follow the procedures absent a showing of prejudice. United States v. McCracken, 110 F.3d 535, 542 (8th Cir. 1997).

The preliminary determination on the admissibility of an alleged co-conspirator statement rests with the trial judge rather than the jury. Fed. R. Evid. 104(a); see also Bell, 573 F.2d at 1043. A statement is admissible if the trial court is satisfied that independent evidence exists showing that it is more likely than not that a conspiracy existed. See United States v. Craig, 94 F.4th 752, 757 (8th Cir. 2024); see also United States v. Macklin, 573 F.2d 1046, 1048 (8th Cir. 1978). At the conclusion of the evidence, it is incumbent upon the trial judge to make an explicit determination for the record regarding the admissibility of the statements. United States v. Fitts, 635 F.2d 664, 666 (8th Cir. 1980).

To support a conviction for conspiracy to possess with intent to distribute or distribute controlled substances, the Government must prove (1) in or about 2021 through the date of the Indictment, two or more persons reached an agreement or came to an understanding to possess with intent to distribute or distribute a mixture or substance containing a detectable amount of methamphetamine; (2) the Defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect; and (3) at the time the Defendant joined in the agreement or understanding, he knew the purpose of the agreement or understanding.

In the present case, the Court concludes that all three elements are satisfied by a preponderance of the evidence as to the charge of conspiracy to possess with intent to distribute or distribute controlled substances. The evidence demonstrates it is more likely than not that Galen Gerry Robertson participated in a conspiracy to possess with intent to distribute or distribute a controlled substance with Abram Francis Griffin, Charlotte Mary Burdick, Russell Burdick,

Kennith Charboneau, Ava Robertson, Thalia Isela Chavelas, Ronni Ironshield, Donovan Robertson, Lonnie Charboneau, Whitney Hill, Wayne Delorme, Rhonda Greywater, Chuck White, and Robert Demarce. The Court further finds that the co-conspirator statements sought to be introduced into evidence at trial were made during the course of and in furtherance of the conspiracy. See Craig, 94 F.4th at 757. Accordingly, any out-of-court co-conspirator statements offered for the truth of the matter asserted in the statements, whether objected to or not, were properly admitted under Rule 801(d)(2)(E).

**IT IS SO ORDERED**.

Dated this 29th day of June, 2026.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court

3